**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HONGLI RU, | No. 17-71037 |
| Petitioner, | Agency No. A099-902-841 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2019
Pasadena, California

Before: TASHIMA and PAEZ, Circuit Judges, and KATZMANN,** Judge.

Hongli Ru, a native and citizen of China, petitions for review of the decision

of the Board of Immigration Appeals ("BIA") dismissing her appeal from the

Immigration Judge's ("IJ") denial of her applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Ru

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary S. Katzmann, Judge for the United States Court
of International Trade, sitting by designation.

applies for relief based on fear of persecution and torture for her political opinion. After her arrival to the United States, Ru joined the Los Angeles chapter of the Chinese Democratic Party and participated in its political advocacy.

Finding inconsistencies in Ru's testimony, the IJ made an adverse credibility determination. The IJ found that Ru had not demonstrated eligibility for asylum, withholding of removal, or CAT relief. The BIA then reviewed the IJ's adverse credibility finding under the clearly erroneous standard, but ultimately "deem[ed] it unnecessary to reach the Immigration Judge's adverse credibility finding." The BIA additionally concluded that Ru did not properly preserve her pattern-or-practice asylum claim, withholding claim, or CAT claim for the BIA's review.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and 8 C.F.R. § 1208.19, and we grant the petition and remand to the BIA.

1. As a preliminary matter, we address the issue of Ru's credibility. "Due process and this court's precedent require a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument." *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010); *accord Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011). When the BIA engages in only scant analysis of an argument—and thus we do not know the basis for the BIA's decision—we cannot conduct a meaningful review. *Delgado*, 648 F.3d at 1108.

Here, it is not clear the extent to which the BIA relied on the IJ's reasoning

as to Ru's credibility. At the beginning of its decision, the BIA states that it is "unnecessary to reach the Immigration Judge's adverse credibility finding." Further on, however, the BIA states that "[t]he Immigration Judge's findings of facts are not clearly erroneous" without specifying whether the IJ's adverse credibility finding is included in that statement. During oral argument, the government only added to this confusion by both stating that we should presume Ru credible and that we should construe the BIA's latter statement as affirming the IJ's adverse credibility finding. Because we cannot discern the BIA's reasoning as to credibility, we cannot meaningfully review how the BIA treated Ru's testimony in evaluating the merits of her asylum claim. We thus grant the petition and remand to the BIA so that it can clarify its decision regarding the IJ's adverse credibility finding as well as its ensuing analysis of Ru's asylum claim, including her pattern-or-practice argument.

2. As to Ru's withholding and CAT claims, the BIA concluded that Ru "d[id] not meaningfully challenge the denial of [these] claims" in her appeal to the BIA. Although a petitioner must specify the issues she challenges on appeal to the BIA, all we require is that her brief mentions the issues on appeal and "nothing more." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004). Ru did not discuss her withholding or CAT claims at length in her brief to the BIA, but she did state at the beginning of her brief that her application was for asylum, withholding of removal,

and CAT relief.  This specification was sufficient to exhaust the withholding and CAT claims on appeal.  Thus, in addition to clarifying its adverse credibility decision, we direct the BIA on remand to address Ru's withholding of removal and CAT claims.

**PETITION FOR REVIEW GRANTED; REMANDED.**